## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTINE E. REULE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3197 |
| | § | |
| SHERWOOD VALLEY I COUNCIL | § | |
| OF CO-OWNERS, INC., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Christine E. Reule's Motion for Reconsideration for Appointment of Counsel [Doc. # 5] and Motion to Proceed In Forma Pauperis [Doc. # 6]. The Court has carefully reviewed these motions, as well as Plaintiff's Original Complaint and Application for Injunctive Relief ("Complaint") [Doc. # 1]. Based on this review and the application of governing legal principles, the Court grants Plaintiff's Motion to Proceed In Forma Pauperis and dismisses this case pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1367(c).

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that she purchased her condominium in 1999. Defendant Sherwood Valley I Council of Co-Owners, Inc. ("Sherwood") is the homeowners' association for Plaintiff's condominium. Defendant Property Masters, Inc. and its

agent Defendant Wayne Murray managed the property until Defendants Shirley Austin and MASC Austin Properties, Inc. assumed the property management responsibilities approximately eighteen months ago.

Plaintiff filed a lawsuit in Texas small claims court against Sherwood, then filed two Texas state court lawsuits against Defendant Jack Kenney (a former member of Sherwood's board of directors), and a lawsuit in Texas state court against Defendant Colony Insurance Company ("Colony"), the issuer of Sherwood's general liability insurance policy.[1]   It appears from the Complaint that Defendant Johnson, Spaulding, Doyle, West & Trent, L.L.P., Defendant Lawrence Trent, Defendant Hays, McConn, Rice & Pickering, and Defendant Amanda Flanagan are law firms and attorneys who represented various defendants in the Texas state court proceedings filed by Plaintiff. Judge William T. Burke, Jr. was the judge in Plaintiff's recent state court lawsuit and is a named Defendant in this case.  Plaintiff states in her Complaint that the state court lawsuits included claims of "harassment, violations [of Housing and Urban Development] law, fraud, etc."  *See* Complaint, p. 5.  The Court has been advised, and takes judicial notice, that Judge Burke has dismissed Plaintiff's case.

---

[1]   Plaintiff alleges that Defendants blamed her lawsuits for causing an increase in the cost of insurance for the condominium community.  *See* Complaint, p. 7.

Plaintiff alleges that Defendants paid Judge Burke "sums of money of at least $1,000.00" and conspired with Judge Burke to deprive her of her civil rights.  Plaintiff alleges that Judge Burke "demonstrated blatant favoritism towards the defendants in state court," "completely ignored the law," and conspired with the Defendants "making it impossible for plaintiff to prepare her case for trial and having inadequate evidence to oppose a summary judgment motion by defendants."  *Id.* at 5-6, 8.  Plaintiff also alleges that Judge Burke "has fixed plaintiff's case for it to be inadequate evidence on appeal."  *Id.* at 8.  Plaintiff alleges that Defendants in the state court proceedings and their attorneys "went around making untrue and defamatory statements about plaintiff" and "retaliated against plaintiff and her witnesses making them afraid to cooperate and testify in violation of 42 U.S.C. Sections 3617 and 3631."  *Id.* at 6.  Plaintiff alleges that this conduct during the state court lawsuits violated her "Civil Rights, Fair Housing Rights and constitutional rights" and "intimidated her in violation of 42 U.S.C. Sections 3617 and 3731."  *Id.* at 8.

Plaintiff alleges that Jack Kenney assaulted her in September 2003 and, sometime between December 2002 and April 2003, entered her condominium without permission.  Plaintiff then sued Kenney in two state court proceedings.

Plaintiff alleges that Defendants called the police to report that children in the community were playing ball and that Defendants "lied about Plaintiff's dogs."

Plaintiff alleges that Defendants refused to enforce the Rules and Regulations against Defendant Elizabeth Zermeno and allowed Defendant Zermeno to install improper doors in Zermeno's condominium.  Plaintiff alleges that Defendant Mickey Spears denied Plaintiff's request to view corporate documents.  *Id.* at 7.

## II.   ANALYSIS

### A.   Subject Matter Jurisdiction

Plaintiff states in her Complaint that she filed this lawsuit "pursuant to the provisions of Tex. Bus. & Com. Code Ann. Section 17.41, et seq., commonly known as the Deceptive Trade Practices and Consumer Protection Act" and asserts that "Jurisdiction and Venue are proper as the causes of action occurred, the torts were committed and the injuries were sustained in the County of Harris, State of Texas." *Id.* at 15.  Plaintiff states that she seeks actual and treble damages, as well as attorneys' fees, "pursuant to DTPA Section 17.50." *Id.*  To the extent Plaintiff claims to base her Complaint only on Texas state law and absent complete diversity, the Court would lack subject matter jurisdiction.

The Court notes, however, that Plaintiff is *pro se*.  Generally, courts are required to construe pleadings filed by individuals proceeding *pro se* under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).  In the body of the Complaint,

Plaintiff mentions alleged violations 42 U.S.C. §§ 1981, 1982 and 1983, and her rights under the Americans With Disabilities Act ("ADA") and the Fair Housing Act, 42 U.S.C. §§ 3617 and 3631.  Plaintiff also alleges that Defendants conspired to violate her due process and equal protection rights.  As a result, the Court considers the federal claims alleged in Plaintiff's Complaint to provide a basis for subject matter jurisdiction.

**B.     28 U.S.C. § 1915(e)(2)(B)(iii)**

Plaintiff asserts various claims against Judge Burke in connection with his handling of the state court lawsuit over which he presided.  The Court "shall dismiss the case at any time if the court determines that the action . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(iii).[2]

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages."  *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).  "Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."  *Id.*  Judicial immunity is not overcome by allegations of bad

---

[2]     Plaintiff also seeks an injunction precluding Judge Burke from presiding over her state court action.  Plaintiff's state court action has been dismissed, so the request for injunctive relief is moot.

faith or malice and "applies even when the judge is accused of acting maliciously and corruptly." *Id*.

Plaintiff asserts claims against Judge Burke, who enjoys absolute judicial immunity from those claims. As a result, all claims against Judge Burke are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**C.    28 U.S.C. § 1915(e)(2)(A)(ii)**

The Court "shall dismiss the case at any time if the court determines that the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In deciding whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff and with every doubt resolved on the plaintiff's behalf, particularly where the plaintiff is *pro se*. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). The plaintiff's complaint must contain allegations of every material point necessary to sustain recovery. *See Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Statements that merely create a suspicion that the plaintiff may have a right of action do not state a claim upon which relief can be granted. *See id*. Furthermore, legal conclusions, conclusory allegations, and unwarranted deductions of fact do not state a claim upon which relief can be granted. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 362

(5th Cir. 2003), *cert. denied*, 540 U.S. 1161 (2004).  If the plaintiff fails to allege a necessary element to obtain relief, then she fails to state a claim and dismissal is proper. *Campbell*, 43 F.3d at 975.

**(i)    Americans With Disabilities Act ("ADA")**

Title I of the ADA prohibits discrimination in employment-related decisions based on the disability of an otherwise qualified individual.  42 U.S.C. § 12112(a). Plaintiff does not allege that she is employed by any Defendant.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Plaintiff does not allege that any Defendant is a public entity for purposes of the ADA.

Title III of the ADA provides that: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns . . . or operates a place of public accommodation."  42 U.S.C. § 12182(a); *Lara v. Cinemark USA, Inc.*, 207 F.3d 783, 786 (5th Cir.), *cert. denied*, 531 U.S. 944 (2000).  Plaintiff does not allege that any Defendant owns or operates a place of public accommodation as defined by the ADA.

*See* 42 U.S.C. § 12181(7).  Consequently, Plaintiff fails to state a claim under the ADA upon which relief can be granted.

**(ii)    Fair Housing Act[3]**

Plaintiff alleges that Defendants violated the Fair Housing Act ("FHA"), 42 U.S.C. § 3617 and § 3631.  Initially, § 3631 is clearly imposes criminal penalties and there is no private right of action for a violation of that statute.  *McZeal v. Ocwen Financial Corp.*, 252 F.3d 1355, 2001 WL 422375 (5th Cir. March 28, 2001) (unpublished).

Section 3617 provides that it "shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617.  The section applies when an individual has been deprived of a right granted or protected by the enumerated statutes.[4]  *See*

---

[3]    The FHA was amended by the Housing Amendments Act of 1988 to extend the FHA's protections to individuals with handicaps and families with children. *See United States v. City of Jackson, Miss.*, 359 F.3d 727, 728 n.1 (5th Cir. 2004) (citing Pub. L. 100-430, 102 Stat. 1619).

[4]    Contrary to the clear, unequivocal language of § 3617 requiring application of §§ 3603-06, the Department of Housing and Urban Development has interpreted the statute to prohibit any conduct that interferes with a person's enjoyment of a dwelling.  *See* 24 C.F.R. § 100.400(c)(2).  The validity of the regulation has been called into serious doubt by the
(continued...)

*Texas v. Crest Asset Management, Inc.*, 85 F. Supp. 2d 722, 732 (S.D. Tex. 2000). Section 3603 describes those dwellings to which the Fair Housing Act applies and defines "business of selling or renting dwellings." *See* 42 U.S.C. § 3603. Section 3604 relates to discriminatory activities that prevent people from acquiring property. *See Halprin v. The Prairie Single Family Homes of Dearborn Park Ass'n*, 388 F.3d 327, 328 (7th Cir. 2004). Section 3605 relates to conduct that discriminates against any person in a protected class in making real estate transactions or discriminations against any protected person in the terms or conditions under which they are permitted to engage in those real estate transactions. *See* 42 U.S.C. § 3605. Section 3606 prohibits discrimination in access or membership to a multiple-listing service or other real estate brokers' organization. *See* 42 U.S.C. § 3606. Plaintiff, who owns her condominium, has failed to allege any facts that would bring her complaints within §§ 3603-06.

Defendants' conduct as alleged by Plaintiff does not rise to the level of coercion, intimidation, threats, or interference necessary to state a claim under § 3617. Congress when enacting the FHA did not intend to "convert every quarrel among neighbors . . . into a federal case." *See Halprin*, 388 F.3d at 330. Section 3617 does not impose a

---

4      (...continued)
       United States Court of Appeals for the Seventh Circuit. *See Halprin v. The Prairie Single Family Homes of Dearborn Park Ass'n*, 388 F.3d 327, 330 (7th Cir. 2004). This Court adopts the Seventh Circuit view that 24 C.F.R. § 100.400(c)(2) is invalid.

code of civility on neighbors.  *See Sporn v. Ocean Colony Condominium Ass'n*, 173

F. Supp. 2d 244, 251 (D.N.J. 2001).  "To hold otherwise would be to extend § 3617

to conduct it was never intended to address and would have the effect of demeaning the

aims of the [FHA] and the legitimate claims of plaintiffs who have been subjected to

invidious and hurtful discrimination and retaliation in the housing market."  *Id.* at 251-

52.  Plaintiff alleges conduct, such as favorable treatment for other residents, unfriendly

treatment of Plaintiff, her child, and her dogs, and blaming Plaintiff for increased

insurance premiums, which is significantly less egregious than conduct which states a

claim under § 3617.  *See, e.g., Halprin*, 388 F.3d at 328 (President of homeowners'

association wrote "H-town property" on the wall of Jewish resident's property,

vandalized the property, and applied chemicals to the Jewish resident's yard); *Texas*,

85 F. Supp. 2d at 724-25 (Rental property resident of Lebanese descent from Liberia

was told that management company would terminate or fail to renew leases of tenants

of Arabic, African, or Hispanic descent, and was told he was being denied

reimbursement for damage to his personal property in the amount of $14,000.00 caused

by a water leak in the ceiling to teach him a lesson and make him move out and go back

to Lebanon).  Plaintiff has failed to allege facts which state a claim under § 3617 and

the claims under the FHA are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A)(ii).

   **(iii)    Federal Civil Rights Statutes**

Plaintiff asserts a claim against Defendants under 42 U.S.C. § 1983. To state a claim under § 1983, Plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Leffall v. Dallas Indep. School Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). With the exception of Judge Burke, who has been dismissed on the basis of his judicial immunity, none of the Defendants in this case is a state actor and, therefore, Plaintiff fails to state a claim under § 1983.

Plaintiff alleges that Defendants violated 42 U.S.C. §§ 1981 and 1982.[5] Plaintiff also alleges that Defendants conspired to violate her due process and equal protection rights. Because all remaining Defendants are private parties, the Court construes this allegation as a claim pursuant to 42 U.S.C. § 1985(c). Plaintiff does not allege that she is a member of a racial minority or that Defendants' alleged conspiracy was motivated by her race, a requirement for each of these civil rights statutes. *See Felton v. Polles*, 315 F.3d 470, 483 (5th Cir. 2002) (§ 1981); *Chapman v. Arlington Housing Auth.*,

---

[5]     Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982.

2005 WL 2542647 * 1 (5th Cir. Oct. 12, 2005) (§ 1982); *Newsome v. Equal Employment Opportunity Comm.*, 301 F.3d 227, 232 (5th Cir.), *cert. denied*, 537 U.S. 1049 (2002) (§ 1985(3)). Therefore, these claims are dismissed pursuant to 28 U.S.C. § 1915(e).

###    D.    28 U.S.C. § 1367(c)

Where a district court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c)(3). This case is in its very early stages. Indeed, Defendants have not yet been served and the Court has not yet entered a docket control order. Because the federal claims have been dismissed at such an early stage of the proceedings, the Court declines under 28 U.S.C. § 1367(c)(3) to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See Moore v. Willis Independent School Dist.*, 233 F.3d 871, 876 (5th Cir. 2000); *Robertson v. Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998), *cert. denied*, 526 U.S. 1098 (1999) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

## III.   CONCLUSION AND ORDER

Plaintiff, a Texas resident, filed this lawsuit against non-diverse Defendants pursuant to Texas law and, therefore, the Court lacks subject matter jurisdiction.

Defendant Burke enjoys absolute judicial immunity.  To the extent Plaintiff alleges violations of constitutional and federal statutory rights, her federal claims fail to state a claim upon which relief can be granted.  Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses those without prejudice to Plaintiff refiling them in Texas state court.  Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Proceed In Forma Pauperis [Doc. # 6] is **GRANTED**.  It is further

ORDERED that all claims against Judge Burke and all federal claims in this case are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).  It is further

ORDERED that, pursuant to 28 U.S.C. § 1367(c)(3), Plaintiff's remaining state law claims are **DISMISSED** without prejudice to Plaintiff's refiling the claim in state court.  Plaintiff is advised that the period of limitations for the dismissed state law claims are tolled for an additional period of thirty (30) days after the date of this Order unless state law provides for a longer tolling period.  28 U.S.C. § 1367(d).  It is further

ORDERED that Plaintiff's Motion for Reconsideration for Appointment of Counsel [Doc. # 5] is **DENIED AS MOOT**.

The Court will issue a separate dismissal order.

SIGNED at Houston, Texas, this **19th** day of **October, 2005.**

Nancy F. Atlas
United States District Judge