**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISTINE E. REULE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3197 |
| | § | |
| SHERWOOD VALLEY I COUNCIL | § | |
| OF CO-OWNERS, INC., *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Christine E. Reule's "Motion for Reconsideration and Clarification of the Court's Memorandum and Order Dated October 19, 2005" [Doc. # 9]. The Court has carefully reviewed the full record in this case. Based on this review and the application of governing legal authorities, the Court **denies** Plaintiff's Motion.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

The factual allegations are set forth in the Court's Memorandum and Order entered October 19, 2005 ("October 19 Opinion") [Doc. # 7]. Briefly, Plaintiff filed this lawsuit complaining about her treatment by various Defendants either in connection with her ownership of a condominium or her litigation in state court. The Court granted Plaintiff's application to proceed *in forma pauperis*, but denied her request for

appointed counsel and dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1367(c).

## II.     ANALYSIS

Plaintiff seeks reconsideration of the denial of her request for appointed counsel. Plaintiff also challenges the Court's dismissal of her claims against Judge William Burke, Jr., her Fair Housing Act ("FHA") claims, and her claims under the Americans With Disabilities Act ("ADA"). Plaintiff's Motion was filed more than ten business days after the Final Judgment was entered and, therefore, it will be treated as a Motion for Relief From Judgment under Rule 60(b). *See Dial One of the Mid-South, Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 606 (5th Cir. 2005).

Rule 60(b) lists a number of reasons for a court to relieve a party from a final judgment. FED. R. CIV. P. 60(b)(1)-(6). The only potentially applicable basis for Rule 60(b) relief in this case would be Rule 60(b)(6). Rule 60(b)(6) permits relief "for any other reason justifying relief from the operation of the judgment." FED R. CIV. P. 60(b)(6); *Hesling*, 396 F.3d at 639. Rule 60(b)(6) is "a residual or catchall provision . . . to accomplish justice under exceptional circumstances." *Edwin H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). Rule 60(b)(6) relief should be granted only where extraordinary circumstances are present. *See Ackerman v. United States*, 340 U.S. 193, 201 (1950); Hesling, 396 F.3d at 642.

Plaintiff has not presented exceptional circumstances which would support the requested relief. Although the Court can exercise its discretion to appoint counsel to represent an individual who is allowed to proceed *in forma pauperis*, appointment of counsel is not required. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

Plaintiff argues that she was "only intending to seek an injunction against Judge William Burke, Jr." *See* Plaintiff's Motion, p. 2. As noted in the Court's October 19 Opinion, Plaintiff's state court lawsuit over which Judge Burke was presiding has been dismissed and her request for an injunction is now moot.

Plaintiff also seeks reconsideration of the Court's dismissal of her claims under the FHA. The Court notes that its dismissal of Plaintiff's FHA claims is consistent with the Fifth Circuit's recent decision in *Cox v. City of Dallas*, ___ F.3d ___, 2005 WL 296955 (5th Cir. Nov. 9, 2005). In *Cox*, the Fifth Circuit held that a plaintiff's FHA claim failed where, as here, the allegations addressed "habitability" not "availability." *Id.* * 5.

Plaintiff also challenges the Court's dismissal of her claim under the ADA. Plaintiff's argument on this issue is limited to the statement "Plaintiff has been denied benefits of services, programs, or activities of public entity through the judge, and the defendants." *See* Plaintiff's Motion, at 15. It appears, therefore, that Plaintiff sought

to proceed under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. As the Court noted in the October 19 Opinion, however, Plaintiff did not allege that any Defendant is a public entity for purposes of the ADA. Plaintiff has not presented any extraordinary circumstances which would cause the Court to alter this ruling.

### III.   CONCLUSION AND ORDER

Plaintiff has not presented a legal basis for the Court to grant relief under Rule 60(b). In an abundance of caution, however, the Court has reviewed its prior decision and again finds the rulings in the October 19 Opinion to be fully supported by governing legal authorities. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration [Doc. # 9] is **DENIED**.

SIGNED at Houston, Texas, this **1st** day of **December, 2005.**

_____
Nancy F. Atlas
United States District Judge